**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**LASONJA LARGE**                                                                    **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO.** 3:22-cv-539-CWR-FKB

**ROCKETT, INC.; AND**
**ELWOOD STAFFING SERVICES, INC.**                            **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

  **COMES NOW** the Plaintiff, Lasonja Large, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights pursuant to The Civil Rights Act of 1964 (Title VII) for sex discrimination. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

  1. Plaintiff, Lasonja Large, is an adult female resident of Holmes County, Mississippi.

  2. Defendant, Rockett, Inc., is a Mississippi corporation that may be served with process by serving its registered agent: Clayton A. Crystal, 1404 Allen Street, Jackson, Mississippi 39201.

  3. Defendant, Elwood Staffing Services, Inc., is an Indiana corporation licensed to do business in the State of Mississippi that may be served with process by serving its registered agent: Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

**JURISDICTION AND VENUE**

1

4.      This Court has federal question jurisdiction and venue is proper in this Court.

5.      Plaintiff timely filed a Charge of Discrimination with the EEOC on April 29, 2021, a true and correct copy of which is attached as Exhibit "A."  On February 22, 2022, Plaintiff filed an Amended Charge with the EEOC, a true and correct copy of which is attached as Exhibit "B."  The EEOC issued a Right to Sue on June 23, 2022, a true and correct copy of which is attached as Exhibit "C."

6.      Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under Title VII.

## STATEMENT OF FACTS

7.      Plaintiff is a 25-year-old female resident of Holmes County, Mississippi.

8.      At the direction of Defendant Elwood Staffing Services, Inc., on April 26, 2021, Plaintiff went to Defendant Rockett, Inc. to apply for a position as a Welder and to take a welding test.

9.      Defendants were "joint employers" to which Plaintiff sought employment as a Welder.

10.     When Plaintiff arrived at Defendant Rockett to take the welding test, Safety Manager Walter Greer refused to allow Plaintiff to take the welding test.

11.     Mr. Greer told Plaintiff that she was not capable of performing the welding position because of the physical requirements of the job and because she was female.

12.     Either that same day (April 26, 2021) or possibly on April 27, 2021, Plaintiff's former Welding Instructor at Holmes Community College, Benjamin Lewis, called Mr. Greer to ask why he (Mr. Greer) had not allowed Plaintiff to take the welding test.

13.     In response to Mr. Lewis, Mr. Greer stated, "If she's any good like you say she is, she won't have a problem getting a job somewhere else."

14.     Several days later, on April 29, 2021, Plaintiff spoke with Defendant Elwood Staffing Recruiter Anita Wilson by phone.

15.     At that time, Ms. Wilson stated that she had spoken to Defendant Rockett, Inc. and "they wanted a bulky man."

16.     Ms. Wilson further explained to Plaintiff that "women are not like men."

17.     On April 29, 2021, Plaintiff filed an EEOC Charge of Sex Discrimination against Defendant Rockett, Inc.

18.     On October 4, 2021, Defendant Rockett, Inc. submitted a Position Statement to the EEOC in response to Plaintiff's Charge of Discrimination.

19.     Defendant Rockett's Position Statement alleges that Plaintiff "was hostile towards the conversation [between herself and Mr. Greer], insisting that she could weld."

20.     Plaintiff admits that she asserted her ability to weld, yet she denies she was "hostile."

21.     Rather, Plaintiff contends that Mr. Greer stated, "If I throw my leg up there on the back of this truck, could you do it?" as though to allegedly prove that as a small female, she would be unable to handle the physical requirements of the job as a man could.

22.     Defendant Rockett's Position Statement goes on to allege that Mr. Greer invited Plaintiff to go to the work site to see the job to see what the job required.

23.     Plaintiff contends this allegation is false and that Mr. Greer never invited her to go see the job.

3

24.     Rather, Mr. Greer repeatedly insisted that Plaintiff was unable to perform the job because of the physical requirements of the job and how she would not be able to handle them because of her status as a small female.

25.     Moreover, when Plaintiff requested to take a welding test, Mr. Greer refused to allow her to take the test, and stated, "This job requires more than just being able to weld."

## CAUSE OF ACTION

## COUNT I – VIOLATION OF TITLE VII – SEX DISCRIMINATION

26.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 25 above as if fully incorporated herein.

27.     Plaintiff is female and is protected from sex discrimination by Title VII.

28.     Plaintiff was more than qualified for the position of Welder for which she applied with Defendants.

29.     Defendants refused to hire Plaintiff into the position of Welder because of her sex, female.

27.     Based upon the facts as set forth above, Defendants' actions constitute intentional discrimination on the basis of her sex which is prohibited by the Civil Rights Act of 1964 (Title VII).

28      Plaintiff has been harmed as a result of this discrimination, and the Defendants are liable to Plaintiff for the same.

29.     The acts of the Defendants constitute a willful intentional violation of Title VII and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount

to be determined by the jury:

1. Back wages;
2. Reinstatement or future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Costs and expenses; and
7. Such further relief as is deemed just and proper.

THIS, the 20th day of September 2022.

Respectfully submitted,

LASONJA LARGE, PLAINTIFF

By:   /s Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com